UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Collegium Fund LLC Series #10,

                Plaintiff

    v.

Nationstar Mortgage LLC and Quality Loan
Service Corporation

                Defendants

Case No. 2:22-cv-00391-CDS-VCF

**Order Granting Defendant's Motion to
Dismiss, Vacating Prior Injunction, and
Closing Case**

[ECF No. 11]

This case involves an ownership dispute over a parcel of real property in Nevada. Defendant Nationstar Mortgage moves to dismiss this action with prejudice (ECF No. 11), which plaintiff Collegium Fund LLC Series #10 opposes (ECF No. 16). For the reasons set forth herein, I grant Nationstar's motion to dismiss.

**I.**    **Background**[1]

Collegium Fund alleges that it is the current title owner of the property located at 1132 Caper Tree Court in Las Vegas. Compl., ECF No. 1-2 at 3. Nationstar[2] claims an interest in the property as the purported current holder of a note secured by a 2007 Deed of Trust. *Id.* The deed secured a loan obtained by the property's prior owners (non-parties in this case) and was recorded with the Clark County Recorder. *Id.* Those prior owners failed to make payments on their loan and to their homeowners' association (HOA). *Id.* at 4. In March 2009, a trustee for the HOA recorded a Notice of Delinquent Assessment Lien. *Id.* In May 2009, the trustee recorded a

---

[1] For the purposes of ruling on the motion to dismiss, I "assume [the] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This background section takes Collegium Fund's well-pled factual allegations as true.

[2] Collegium Fund's pleadings refer to Nationstar as "Mr. Cooper." Nationstar notes that it does business as "Mr. Cooper" but still refers to itself as "Nationstar." ECF No. 11 at 1. For consistency, I use "Nationstar" throughout this order.

Notice of Default and Election to Sell. *Id.* On July 26, 2013, Collegium Fund acquired ownership of the property at an HOA foreclosure sale. *Id.* at 5. Collegium Fund alleges that "sometime on or prior to August 2013, the debt secured by the 2007 Deed of Trust was accelerated and became fully due and owed."[3] *Id.* at 3. Collegium Fund requested documents from the defendants and believes that those documents demonstrate that the loan was accelerated before August 1, 2013. *Id.* at 6–7. It adds that, under Nevada law, the debt secured by the 2007 Deed of Trust cannot be pursued more than ten years after the loan balance related to the deed was accelerated. *Id.* at 7.

On October 27, 2021, Quality Loan[4] recorded a Notice of Breach and Default and of Election to Cause Sale pursuant to the 2007 Deed of Trust. *Id.* at 5. On February 2, 2022, Quality Loan recorded a Notice of Trustee Sale, which scheduled sale of the property for February 25, 2022. *Id.* Collegium Fund argues that because the loan was allegedly accelerated more than ten years prior, Quality Loan's February 2022 foreclosure sale was wrongful. Plaintiff initially brought suit in Nevada's Eighth Judicial District Court to enjoin the foreclosure sale, quiet title, and pursue remedies for wrongful foreclosure. Nationstar removed the action to this court (ECF No. 1), and then Collegium Fund sought a preliminary injunction to prevent any foreclosure sale on the property. ECF No. 10. Nationstar did not oppose the injunction, and I granted Collegium Fund's motion. ECF No. 21. Nationstar now moves to dismiss this suit with prejudice. ECF No. 11.

---

[3] Collegium Fund states that "[u]pon information and belief, and based upon the industry practice, Plaintiff believes it will discover in discovery that an acceleration letter was sent to the Prior Owners in or around 2012." Resp., ECF No. 16 at 3.

[4] Before this case was removed to federal court, Quality Loan filed a declaration of nonmonetary status in state court, urging that it should remain involved in the lawsuit solely in its capacity as trustee, not as a defendant. ECF No. 1 at 2; ECF No. 1-10. Under Nevada law, if no party objects to a declaration of nonmonetary status within 15 days after it is served, "the trustee is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs, except that the trustee is required to respond to any discovery request as a nonparty participant and is bound by any court order relating to the deed of trust." NRS § 107.029(5). Nothing in the record indicates that any party objected to Quality Loan's declaration of nonmonetary status, either in the state court or after removal. So I sua sponte dismiss Quality Loan from this lawsuit because no party objected to its intention to proceed in this case as a trustee only.

**II.    Legal standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the non-movant. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Finally, dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

**III.    Discussion[5]**

Collegium Fund's complaint sets forth causes of action for (1) wrongful foreclosure, (2) quiet title, (3) slander of title, and (4) injunctive relief. ECF No. 1-2 at 9–11. Nationstar seeks dismissal of each claim with prejudice. ECF No. 11.

*a.    Collegium Fund cannot maintain a cause of action for a wrongful foreclosure.*

The foreclosure sale on the subject property was scheduled for February 2022 but did not occur. Collegium Fund asserts that it may still maintain an action for wrongful foreclosure

---

[5] Nationstar requests that I take judicial notice of the publicly recorded documents relevant to this case, specifically, the corporate assignment of the deed of trust (Ex. C, ECF No. 11-3), the notice of breach and default and of election to cause sale of property (Ex. D, ECF No. 11-4), the notice of rescission (Ex. E, ECF No. 11-5), and the assignment of the deed (Ex. F, ECF No. 11-6). A court may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). Finding these exhibits relevant and concluding that they are matters of public record, I grant Nationstar's request, take judicial notice of the exhibits, and rely upon them in issuing this order.

because Nationstar exercised the power of sale by recording a Notice of Trustee Sale and scheduling the foreclosure sale. Because I find that a party does not exercise the power of sale until a sale actually occurs, I find Collegium Fund's argument unpersuasive.

Wrongful foreclosure is an action in tort that may be brought "if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). This narrow tort "thus permits an action where there was no breach or default on which to base a foreclosure." *Bergsrud v. Bank of Am., NA*, 2017 WL 4560185, at *5 (D. Nev. Oct. 11, 2017), *aff'd sub nom. Bergsrud v. Bank of Am., N.A.*, 746 Fed. App'x 622 (9th Cir. 2018). Collegium Fund argues that a foreclosure sale is not necessarily contemporaneous with the exercise of the power of sale, but it fails to identify either any authority for that proposition or any action taken by Nationstar which demonstrates that the power of sale was exercised.

Other judges in this district have held that "[t]he elements of a claim for wrongful foreclosure are (1) that a foreclosure sale occurred; and (2) the [debtor] was not in default." *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 939 (D. Nev. 2019) (Du, C.J.) (citing *Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, 2017 WL 4185468, at *8 (D. Nev. Sept. 21, 2017) (Mahan, J.)). Collegium Fund contends that these judges erred in interpreting *Collins*, a case holding that wrongful foreclosure claims may be brought either based on the wrongful exercise of the power of sale **or** a wrongful foreclosure. *Collins*, 662 P.2d at 623. But "[a] wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) *abrogated on other grounds by Saticoy Bay, LLC, Series 9720 Hitching Rail v. Peccole Ranch Cmty. Ass'n*, 495 P.3d 492 (Nev. 2021). The power of sale can thus be exercised before the foreclosure sale occurs, although "a viable wrongful foreclosure claim requires that [plaintiff] demonstrate that he had not

breached his obligations under the notes when the foreclosure proceedings were instituted." *Cole v. CIT Grp./Consumer Fin., Inc.*, 367 P.3d 759 (Nev. 2010) (table) (citing *Collins*, 662 P.2d at 623).

But still, a plaintiff asserting a wrongful foreclosure claim must plausibly allege that the original owners were not in default under the original deed of trust. *Agio, LLC v. Quality Loan Servs. Corp.*, 472 P.3d 186 (Nev. 2020) (table). Collegium Fund does not assert that the original owners of the property were not in default under the 2007 Deed of Trust. ECF No. 1-2 at 7–8. Instead, it argues that Nationstar willfully failed to comply with various pre-foreclosure requirements under Nevada law. *Id.* However, because "the material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised" (*Collins*, 662 P.2d at 623), and Collegium Fund does not argue that the original owners were not in default, I deny without prejudice its first claim for wrongful foreclosure.

> *b.   Collegium Fund cannot maintain its claims for quiet title or slander of title.*

Collegium Fund also brings claims for quiet title and slander of title. Quiet title claims rely on "the court's inherent equitable powers to resolve the competing claims to such title." *Shadow Wood H.O.A. v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1111 (Nev. 2016). Collegium Fund asserts that it is the owner of the subject property "free and clear of the 2007 Deed of Trust." ECF No. 1-2 at 9. It states that the 2007 Deed was extinguished by operation of Nevada Revised Statutes (NRS) § 106.240. In plain terms, Collegium Fund states that Nationstar accelerated the debt underlying the 2007 Deed of Trust "in or around 2012"; that such acceleration rendered the loan wholly due; and that ten years after the loan became wholly due, the lien created by the deed expired. ECF No. 16 at 3, 6. NRS § 106.240 provides:

> The lien . . . created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001). But a rescission of a notice of default decelerates the loan for the purposes of NRS § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 197–98 (Nev. 2022).

Nationwide's theory of the case is that the first recorded document which could have accelerated the debt and rendered it wholly due—such that the 10-year clock would begin ticking—was the 2014 Notice of Default.[6] ECF No. 11 at 2–3. Collegium Fund argues that some unknown and unrecorded letter accelerated the debt prior to 2013. But it does not cite any authority for its contention that "for an acceleration to occur, the deed of trust only required notice to the borrower." ECF No. 16 at 6.

In fact, "acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr. 2020-NPL2*, 2022 WL 717577, at *3 (D. Nev. Mar. 10, 2022) (quoting *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991)). An unrecorded acceleration notice would not have rendered a debt "wholly due" for under NRS § 106.240. This is because the Nevada statutes governing the power of sale and prerequisites for private foreclosure state that the power of sale must not be exercised until a beneficiary has, for a period of 35 days, failed to make good the deficiency in performance or payment (NRS § 107.080.2(a)(2)); the 35-day period commences on the first day following the day upon which the notice of default and election to sell **is recorded** (NRS § 107.080.3); and acceleration must not occur if the deficiency in performance or payment is made good within the 35-day period

---

[6] Nationwide takes the position that a notice of default, or any other acceleration of underlying debt, does not render a loan "wholly due" under NRS § 106.240. ECF No. 11 at 2 n.1. However, it concedes that for the purposes of resolving this motion to dismiss I may assume that the notice of default accelerated the underlying debt. *Id.* The Supreme Court of Nevada has "decline[d] to definitively resolve whether acceleration of a loan makes the loan 'wholly due' for purposes of triggering NRS [§] 106.240's 10-year time frame." *SFR Invs. Pool 1*, 507 P.3d at 195 n.2. However, its most recent opinions discussing NRS § 106.240 assume that acceleration does, indeed, trigger the 10-year clock (*see generally id.*), an assumption that I adopt and rely upon in my resolution of this motion.

(*id.*). The net effect of these provisions is that acceleration does not occur until the conclusion of the 35-day period allotted for a borrower to cure the deficiency in loan performance or repayment, and that this period does not run until "the first day following the day upon which the notice of default and election to sell is recorded." *Id.* Accordingly, whether Nationstar issued any unrecorded acceleration notice is legally irrelevant, as such an unrecorded notice could not have rendered the borrower's debt wholly due.

Furthermore, Nationstar recorded a rescission of the debt, which would have reversed any acceleration—regardless of whether the 2014 Notice of Default or the unrecorded letter initiated the acceleration. A "First Rescission" was recorded on April 25, 2019, to "rescind, cancel[,] and withdraw . . . [the] Notice of Breach and Election to Cause Sale[.]" Ex. E, ECF No. 11-5 at 2. It stated that the 2014 Notice of Default was rescinded, cancelled, and withdrawn as well. *Id.* at 3. Such a statement indicates that "the bank rescinded the notice of default—the document that accelerated the loan." *SFR*, 507 P.3d at 198. Because "a notice of rescission rescinds a previously recorded notice of default, the notice of rescission 'effectively cancelled the acceleration' triggered by the notice of default, such that NRS [§] 106.240's 10-year period was reset." *Id.* at 196. Collegium Fund argues that the unrecorded letter differentiates the instant case from *SFR*, because the catalyst behind the rescission in *SFR* was a recorded notice of default, but the Nevada Supreme Court has expressly rejected that argument. *See id.* at 197 ("We reject [plaintiff's] argument that some prior unidentified acceleration remained intact after the bank rescinded the notice of default.").

As Nationstar points out, "any letter allegedly sent before the Notice of Default would still be part of the same pre-foreclosure process, and the effect of rescinding the Notice of Default would apply equally to any acceleration that could have happened at an earlier point in the non-judicial foreclosure process." ECF No. 23 at 4. This is because if a notice of default and election to sell "is cancelled, the mortgagee or beneficiary of the deed of trust is thereupon restored to its former position and has the same rights as though . . . a notice of default and

1  election to sell had not been recorded." NRS § 107.550.3; *see also Holt v. Reg'l Tr. Servs. Corp.*, 266

2  P.3d 602, 606 (Nev. 2011) (en banc) ("Recission . . . resets the right-to-cure and other time

3  periods provided by law for the debtor's protection[.]").

4         Because I find that Nationstar's 2019 rescission of the debt reversed any prior

5  acceleration, whether that acceleration occurred via the 2014 Notice of Default or an unrecorded

6  letter at some time in 2012 or 2013 is immaterial to the disposition of Nationstar's motion. Either

7  way, Collegium Fund has not demonstrated and cannot demonstrate that Nationstar no longer

8  has any security interest in the subject property. I thus dismiss Collegium Fund's claims for

9  quiet title and slander of title with prejudice.

10         *c.*  *Injunctive relief is a remedy, not a cause of action.*

11         I dismiss Collegium Fund's fourth "cause of action" (injunctive relief) with prejudice

12  because injunctive relief is not itself a claim. "Injunctive relief is a remedy, not a separate cause of

13  action." *Iliescu v. Reg'l Trans. Comm'n of Washoe Cnty.*, 522 P.3d 453, 457 (Nev. 2022) (citing *State Farm*

14  *Mut. Auto. Ins. Co. v. Jafbros, Inc.*, 860 P.2d 176, 178 (Nev. 1993)). I therefore dismiss this claim with

15  prejudice as amendment would be futile.

16         *d.*  *The preliminary injunction entered in this case (ECF No. 21) is dissolved.*

17         I granted Collegium Fund's motion for a preliminary injunction after Nationstar failed to

18  file any opposition in a timely fashion. ECF No. 21. District courts have the authority to modify

19  preliminary injunctions based on the consideration of new facts. *Gordon v. U.S. Bank Nat'l Assoc.*,

20  2020 WL 2510514, at *2 (C.D. Cal. Jan. 10, 2020) (citing *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d

21  1091, 1098 (9th Cir. 2002)). I now dissolve the prior injunction; based on the uncontroverted

22  facts presented by the defendant regarding the 2019 Notice of Rescission, I am unconvinced that

23  Collegium Fund has demonstrated either serious questions as to the merits or a likelihood of

24  success on the merits of its claims.

25

26

**IV.     Conclusion**

IT IS HEREBY ORDERED that Nationstar's motion to dismiss **[ECF No. 11] is GRANTED**. The claims for quiet title, slander of title, and injunctive relief are dismissed with prejudice. The only claim dismissed without prejudice is that for wrongful foreclosure. The Clerk of Court is directed to enter judgment accordingly.

IT IS FURTHER ORDERED that the injunction I previously issued **[ECF No. 21] is DISSOLVED**.

IT IS FURTHER ORDERED that Quality Loan is DISMISSED from this case. Because no claims remain against any defendant, I direct the Clerk of Court to CLOSE THIS CASE.

DATED: March 23, 2023

_____
Cristina D. Silva
United States District Judge